UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


JUSTIN E. HAND                                                    PLAINTIFF


VERSUS                                      CIVIL ACTION NO. 1:14CV293-HSO-RHW


CHRISTOPHER EPPS et al                                          DEFENDANTS


**PROPOSED FINDINGS OF FACT AND RECOMMENDATION**

Plaintiff Justin E. Hand, proceeding *pro se* and *in forma pauperis*, filed a 42 U.S.C.

§ 1983 prisoner civil rights complaint alleging that prison officials at the South Mississippi

Correctional Institute (SMCI) failed to protect him from an assault at the hands of other inmates.

Doc. [1].  He admits in the complaint that he did not pursue the prison's administrative remedy

program.  *Id.* at 3.  In their answer, Defendants asserted as an affirmative defense that Plaintiff

failed to exhaust his administrative remedies.  Doc. [18] at 3.  Defendants filed a motion to

dismiss Plaintiff's complaint based on his failure to exhaust.  Doc. [30].  In support of its motion,

Defendants provided an affidavit from Nicole Hicks, Correctional Service Aide for the

Administrative Remedy Program and SMCI.  Ms. Hicks states that Plaintiff did not file a

grievance through the Administrative Remedy Program.  Doc. [30-1].  Also pending before the

Court is Plaintiff's motion to amend his complaint, wherein Plaintiff admits that he did not

exhaust the administrative remedy program grievance procedure.  Doc. [26] at 2.  He alleges that

he did not pursue his administrative remedies "due to the grave danger and the failure of the

officers to take appropriate action to secure plaintiff's safety."  *Id.*  He asks the Court to waive the

exhaustion requirement.  *Id.*

Exhaustion of administrative remedies through the prison grievance system is a jurisdictional prerequisite for lawsuits filed pursuant to §1983.  *Wright v. Hollingsworth*, 260 F.3d 357 (5th Cir. 2001).  As amended by the Prison Litigation Reform Act, 42 U.S.C. § 1997e provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  *See Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003) overruled on other grounds by *Jones v. Bock* 549 U.S. 199, 214-15 (2007).  Exhaustion is mandatory for "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Alexander v. Tippah County, Miss.*, 531 F. 3d. 626, 630 (5th Cir. 2003) (quoting *Porter v. Nussle*, 534 U.S. 516, 532 (2002)).  The Fifth Circuit takes a "strict approach to the exhaustion requirement."  *Days*, 322 F. 3d at 866.  However, the exhaustion requirement may be subject to certain defenses such as waiver, estoppel, or equitable tolling.  *Id.*

Plaintiff admits that he failed to exhaust administrative remedies.  In his response and motion to amend complaint, he requests that the requirement be waived because of grave danger and failure of officers to take appropriate action to secure his safety.  *See* doc. [26] at 2 & [34].  The Court notes that Plaintiff is no longer housed at SMCI.  Rather, his mailing address is listed as the Walnut Grove Correctional Facility.  Doc. [33].  Accordingly, the alleged "grave danger" from other inmates at SMCI is no longer present.  Moreover, Plaintiff has failed to demonstrate that he is entitled to any recognized exception to the exhaustion requirement.  *See Dillon v. Rogers*, 596 F.3d 260, 270 (5th Cir. 2010); *Clifford v. Gibbs*, 298 F.3d 328, 332 (5th Cir. 2002);

2

*Massey v. Wheeler*, 221 F.3d 1030, 1034 (7th Cir. 2000).  He does not allege that the defenses of waiver, estoppel or equitable tolling apply to his circumstances.  Although Plaintiff has filed a motion to amend his complaint, the proposed amendment would not remedy the fact that Plaintiff has by his own admission failed to exhaust his administrative remedies.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Defendants' [30] Motion to Dismiss be GRANTED such that Plaintiff's 42 U.S.C. § 1983 civil rights complaint be dismissed without prejudice for failure to exhaust administrative remedies.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court.  A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections.  Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties.  A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court.  Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed **factual findings and legal conclusions** that have been accepted by the district court and for which there is no written objection. *Douglass v. United*

*Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED this the 16th day of January 2015.


/s/ *Robert H. Walker*

ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE

4